**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Apelt,<br><br>        Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>        Respondents. | No. CV 98-882-PHX-ROS<br><br>DEATH PENALTY CASE<br><br>**EX PARTE COST**<br>**MANAGEMENT ORDER** |

**IT IS ORDERED** that, in addition to the Guide to Judiciary Policies and Procedures for administration of the Criminal Justice Act (CJA), Volume VII (Appointment of Counsel in Criminal Cases), the following rules shall apply in this case as supplementing and interpreting those guidelines:

I. COST MANAGEMENT

A. <u>Cost Effective Use of Staff</u>

Appointed counsel is expected to utilize all means to minimize costs. Whenever appropriate, without compromising the quality of the work, tasks should be undertaken by the least expensive, competent staff member authorized by the Court and capable of performing the work. Appointed counsel is not permitted to earn a profit from use of support staff. *See Guidelines for the Administration of the Criminal Justice Act*, Ch. 2, Pt. C and Ch. 3, Pt. B. Reimbursement for independent contractors may not exceed the amount actually paid. Reimbursement for in-house staff may not exceed the actual cost to appointed counsel

(including salary and benefits, but not overhead). The rates for all staff, whether on the appointed attorney's staff or independent, may not exceed this District's presumptive rates, unless otherwise authorized by the Court: $75.00 per hour for associate counsel and $45.00 per hour for paralegals. All paralegal expenses, whether by an independent contractor or in-house staff, shall be claimed on a CJA Form 31.[1]

Use of associates, paralegals, law clerks, summer associates, and law students must be pre-approved in connection with case budgeting or a specific funding request; such requests must detail the projected number of hours, the hourly rate, and any anticipated expenses. If counsel is authorized to utilize associates, such persons may not appear on behalf of Petitioner in court, absent prior approval from the Court.

When two counsel are appointed, counsel shall develop a division of labor to ensure that each counsel will perform tasks in a relatively independent manner, minimizing duplication and excessive staff conferencing. While the Court recognizes that appointed counsel must confer from time to time in order to coordinate activities and investigation, consult on the law, and prepare and revise drafts, compensation for attorney conferences will be carefully monitored. Thus, counsel should minimize time claimed for such items as internal conferences and memos, coordination between co-counsel, and coordination between counsel and staff, such as investigators and paralegals. Compensation will not be approved for unreasonable claims in these areas. Moreover, conferences held merely for the exchange of information (particularly among attorneys of similar expertise), to familiarize other

---

[1] For in-house paralegal staff, counsel shall include the total requested for paralegal expense in the "Other Expenses" section (Box 16c) of CJA Form 31. The voucher shall be made payable to appointed counsel, as the amount billed is a reimbursement of an expense. For each voucher submitted, counsel shall also provide a statement that the hourly rate requested is less than or equal to the hourly cost of the paralegal to the firm (including salary and benefits, but not overhead). If the paralegal is an outside contractor, that person shall submit the Form 31 voucher directly to the Court after certification by counsel. The amount billed for services will be entered in the "Compensation" section (Box 16a) of CJA Form 31, and amounts billed for reimbursement of out-of-pocket costs shall be billed in the "Expenses" sections (Boxes 16b and 16c).

attorneys with a matter for "back-up" purposes or to transfer a matter among attorneys will not be compensated. In addition, the coordination of efforts between members of the same firm working on a file (or between counsel and a paralegal) is the responsibility of the firm and not a charge for which the Court will pay. Unless counsel is preparing for an evidentiary hearing, the Court presumes that only one person (an attorney, investigator, or paralegal) will be paid for time spent interviewing or meeting with Petitioner, witnesses, or expert and investigative service providers. Absent explicit authorization of the Court, compensation will not be allowed for attendance at court conferences or hearings by associates or support staff, including law clerks, paralegals, and investigators.

If the Court authorizes use of associates, paralegals, or law clerks, the Court will not compensate such individuals for time spent achieving and maintaining a working knowledge of the case. For example, the Court will not pay paralegal or associate time to attend attorney conferences, or to read court orders and correspondence that are unrelated to a specific assigned project. Paralegal and associate work is generally limited to reviewing, summarizing, and indexing records and documents; conferring with the client; and researching and drafting pleadings.

B. <u>Travel</u>

If case-related travel for counsel, an investigator, or an expert is authorized in a budget, a Travel Request and Authorization Form must still be completed and signed by a district judge for travel outside the district or for overnight travel within the district. <u>At least ten (10) business days before planned travel</u>, counsel or the service provider must contact the Court's CJA Department, who will verify that the proposed travel is authorized by the budget and will prepare the Travel Request and Authorization Form for the district judge's signature. Counsel may not make travel arrangements, whether through the National Travel Service or on his or her own, until obtaining a signed authorization form. Counsel is cautioned that a budget modification for additional travel funds cannot be obtained solely by requesting the CJA Department to prepare a Travel Request and Authorization Form. Rather, counsel must seek formal amendment of the budget by filing a motion with the Court. This is because the

signing of a travel authorization form is simply the procedure by which government rates for travel are obtained; the form does not in and of itself function as approval of a travel budget.

If counsel is in travel status, travel and waiting time may be charged at the full hourly rate only if work could not be performed during that time (i.e., while driving). Travel or waiting time during which work can be performed will be reimbursed only for the time work actually was performed on the case (i.e., reading a transcript while waiting for a flight).

C.  Research Assistance

For assistance with the substantive law governing federal habeas corpus proceedings, counsel should refer to the Capital Punishment Handbook, which is published by the Ninth Circuit. It was written, compiled, and updated by the staff from the Office of the Circuit Executive of the Ninth Circuit, and is provided free of charge to all attorneys involved in capital cases in the circuit. The most recent edition of the Ninth Circuit Capital Punishment Handbook is available at www.ce9.uscourts.gov. The handbook should serve to expedite legal research by counsel.

In addition, counsel is encouraged to consult with the Habeas Assistance and Training Project, which is funded by the Defender Services Division of the Administrative Office of the United States Courts. The Project has an extensive brief bank and one of its mandates is to share research with attorneys assigned to capital habeas cases. Contact information is available at www.capdefnet.org. Counsel is cautioned however that if a substantial amount of consultation is sought, at least a portion of it will be considered work that is inherently necessary to practice and remain current in the areas of federal habeas law. Such work is analogous to that of reading new case law, which is not directly attributable to a particular case, but rather should be considered part of overhead.

D.  Maintenance of Files

Appointed counsel is expected to maintain the records and files in this case in an organized and accessible fashion to ensure that if substitution of counsel is required, duplication of efforts will be minimized. The Court may condition final payment upon compliance with this requirement.

E. Confidentiality

Because the information required by the Court from counsel to develop a budget is likely to be protected by the attorney-client privilege or the attorney work-product doctrine, all documents relating to case budgeting may be filed ex parte and under seal, without service on the opposing party. Counsel should not file a separate application requesting that a budget proposal be filed under seal. Rather, counsel shall reference this Order as justification for having the materials filed under seal. In addition, when necessary to protect confidentiality, and with notice to the opposing party, certain portions of case management conferences relating to budgeting will be conducted *ex parte* and in camera.

If a budget proposal includes requests for investigative or expert resources, counsel shall set forth in the budget declaration the facts supporting the need for confidentiality of the resource request. *See* 18 U.S.C. § 3599(f) (providing that applications for investigative, expert, or other services, if filed under seal, must contain "a proper showing . . . concerning the need for confidentiality").

II. FUNDING FOR EXPERT & INVESTIGATIVE SERVICES

A. Pleading Requirements

A petitioner in a capital habeas corpus case may be entitled to funding for investigative, expert, and other services reasonably necessary for the representation of the petitioner. *See* 18 U.S.C. § 3599(f). ***No expenditures for investigators, experts, or other services may be incurred until a budget is approved by the Court.***

Within counsel's declaration, requests for investigative and/or expert assistance should be detailed and present the factual and legal basis to support the request. In order to approve the request, the Court must find that any requested expert or investigative assistance is "reasonably necessary for the representation" of Petitioner. 18 U.S.C. § 3599(f). The argument that a case must be reinvestigated simply because habeas counsel believes there is an ethical duty to do so, without more, fails to establish reasonable necessity. In general, information which would assist the Court includes, but is not limited to, a specification of: (1) the evidence sought to be developed; (2) facts suggesting that such investigation, expert,

or other assistance is warranted; (3) whether the evidence existed at the time of the state trial; (4) the purpose of the evidence for federal habeas review (e.g., the connection of the evidence to a prospective claim or contention); and (5) an estimated budget for *each* task, specifying the proposed billing rate, reasonableness of the rate, and the total amount of funds requested.

Counsel should attach to the declaration the proposed service provider's curriculum vitae or resume demonstrating the work experience and education of the person counsel proposes be retained. *Every effort should be made to retain experts who work in the geographic area in which the work is to be done*. Investigators retained for the interview of witnesses shall avoid unnecessary expense by taking reasonable steps short of travel to locate the interviewees before initiating any travel. In addition, telephonic interviews should be utilized whenever practicable.

If the assistance of mental health experts is requested, Petitioner must summarize in the supporting declaration the services performed by, and the findings of, all previous mental health experts utilized in any type of capacity in the case, whether at the state level or in federal proceedings. If the assistance of more than one mental health professional is sought, counsel should make clear the tasks each expert is to complete, and how his or her work is distinguishable from that of the prior and/or newly requested experts. Counsel is cautioned that mental health experts will not be paid at their professional hourly rate for time spent obtaining records. Arrangements should be made for an investigator or a paralegal to obtain records that might be necessary for a mental health evaluation.

B. <u>Voucher Submission</u>

Upon approval of budget items for investigative, expert, or other services, counsel is responsible for communicating with the service provider to ensure that services comply with specific terms of the court order and do not exceed the amount authorized. Service providers will not be paid in excess of amounts authorized, and payment will be authorized only at the appropriate rate for the type of task performed (e.g., an investigator will only be paid paralegal rate for paralegal tasks). *All approved experts and service providers are permitted*

*to submit bills on an interim basis.* Hourly rates for experts and investigators will not exceed this District's presumptive rates, absent express authorization of the Court: $55.00 per hour for investigators, $200 per hour for psychologists, $200 per hour for forensic experts, and $275 per hour for psychiatrists and other medically-licensed experts.

The voucher submission for fees and expenses of investigators, experts, and other service providers must be made on a CJA Form 31, "Death Penalty Proceedings: Ex Parte Request for Authorization and Voucher for Expert and Other Services." The submission must include a copy of the approved budget order authorizing employment of the person whose services are being billed and an itemized statement of the service provider's time and expenses in a format similar to that required of appointed counsel. Travel expenses of service providers must follow the procedures for court-appointed counsel as set forth, *infra*.

III. SUBMISSION OF CJA VOUCHERS

A. <u>Interim Payment Procedures</u>

Because of the length of this case and the anticipated hardship on counsel in undertaking representation for such a period without compensation, pursuant to ¶ 2.30 B of the *Guidelines for the Administration of the Criminal Justice Act*, the Court has authorized the submission of interim vouchers during the course of counsel's representation. On a bi-monthly basis, counsel shall request payment on CJA Form 30, "Death Penalty Proceedings: Appointment of and Authority to Pay Court Appointed Counsel."

<u>Compensation earned and reimbursable expenses incurred from the first to the last day of every two-month period shall be claimed on an interim voucher submitted no later than the tenth day of the following month, or the first business day thereafter, and shall include all compensation and expenses claimed for the preceding two months, except when combined fees and expenses total less than $500 for any given period.</u> In that event, fees and expenses for that period may be combined with those incurred in the following period. Counsel will review the voucher for accuracy and then print, sign, scan, and electronically file the voucher and any supporting documents using the Court's ECF filing system, pursuant to General Order 07-16. For more information about electronic filing, counsel are encouraged to review

the materials available on the Court's website, www.azd.uscourts.gov, under "Electronic Case Filing."

Failure to timely submit a bi-monthly CJA interim voucher may be considered a basis for denying the requested compensation. The Court will review the interim vouchers in light of the approved budget and for reasonableness and compensability under the Criminal Justice Act. Variances in excess of the budgeted amounts must be pre-approved and will be authorized only for good cause. The Court also will authorize payment for all miscellaneous expenses such as postage, copying, etc., reasonably incurred and properly documented, subject to national and district policies and procedures.

Within 30 days of the conclusion of proceedings in this Court, counsel shall submit a final voucher seeking payment for representation provided during the final interim period.

B. Supporting Documentation

In addition to a signed copy of the CJA Form 30, counsel shall submit to the Court, with each interim voucher, itemized time worksheets, as well as receipts for *all* travel expenses and any non-travel expense in excess of $50.00.

1. Timekeeping

Counsel is expected to maintain accurate time records; such records are subject to audit and must be maintained for a period of six years and three months after approval of the final voucher. Hours billed must be divided into tenths of an hour. Fees shall be listed chronologically with individual narrative entries showing the date of service, a precise description of the service including relevance to the habeas proceeding if not apparent, and the actual time expended. Each time entry shall reflect discrete individual tasks and shall not simply list multiple tasks performed in a specified block of time unless counsel is combining tasks that individually took less than 1/10 of an hour (i.e., reading and replying to brief email messages). Information should be provided in sufficient detail so as to permit meaningful review. For example, work related to witnesses or other people should identify those people by name and, if necessary, identify their relevance to the case; work related to obtaining or reviewing documents should identify the documents or source of the documents, including

the number of pages reviewed; legal research or drafting should identify the topic or claim being research or drafted; conferences with co-counsel or other providers should identify the topic(s) discussed. *Aggregate time blocks or entries which are vague or ambiguous will not be approved for payment*. If the level of detail is insufficient for auditing purposes, a voucher may be returned to counsel for resubmission with adequate detail or the Court may reduce the total amount approved for payment.

### 2. Support Staff

Vouchers for independent contractors such as paralegal, law clerk, or law student services, should be submitted directly to the Court by the individual(s) performing the service on a CJA Form 31, Request for Authorization and Voucher for Expert and Other Services. A detailed description of the services rendered, including dates each task was performed, must be attached to the voucher. *See supra* n.1.

For in-house staff, counsel must seek reimbursement for the cost on a CJA Form 31, listing counsel as the payee. Counsel shall submit to the Court as supporting documentation attached to the voucher: (1) worksheets detailing the paralegal's time as set forth in Section III (B)(1), *supra*, and (2) an affidavit declaring that the hourly rate billed for the paralegal's service is equal to or less than the hourly cost of the paralegal to the firm, including benefits but excluding overhead. *See supra* n.1

### 3. Noncompensable Services

Compensation will not be approved for administrative, clerical, secretarial, or word processing services, regardless of whether the person performing the function is an attorney, law clerk, paralegal, or secretary, even if counsel has no regularly employed secretary. Administrative work includes copying, faxing, and filing. Compensation will not be approved for work performed which is exclusively related to exhaustion in state court or is necessary to practice and remain current in the area of federal habeas law, such as review and analysis of new caselaw. Nor will compensation be approved for tasks related to Petitioner's prison conditions or any appeals (whether from interlocutory orders or final judgments) or other work related to the review of proceedings before this Court. Counsel is to seek

compensation for work done at the appellate level from the Ninth Circuit Court of Appeals after having obtained an appointment as counsel of record from that court.

### 4. District Benchmarks

In addition to the guidelines set forth herein, benchmarks adopted by the District for the review of CJA vouchers are available at the Court's website, www.azd.uscourts.gov (under "Attorney Information" and "CJA Panel Information"). These benchmarks include limiting billable time for "boiler-plate" motions such as motions to continue to no more than .3 hours and minute entry review to .1 hours. The presumptive guideline for research and drafting is one pleading page per one hour of attorney time. In addition, billable hours per day should not exceed 10 hours (unless an evidentiary hearing is in progress).

## IV. REIMBURSABLE EXPENSES

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to representation of Petitioner. *However, counsel must seek prior approval for any expenditure in excess of $300.00.*

Subject to the guidelines in ¶¶ IV(A) & (B), *infra*, when traveling outside of the district for the purpose of consulting with the client or his/her former counsel, interviewing witnesses, etc., expenses such as air fare, mileage, parking fees, meals and lodging, are to be claimed as itemized expenses. Proof of payment by an original paid receipt, legible copy of a paid receipt, or copy of an invoice and canceled check shall be submitted for any individual expense. Receipts must be detailed (i.e., contain a breakdown of lodging and meal costs).

Reimbursable expenses are subject to the following additional guidelines:

A. Case-related travel by privately-owned automobile should be claimed at the current government authorized rate for mileage, plus parking fees and tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Every effort must be made to obtain the lowest possible fares or rates.

B. Reimbursement for meals will not be allowed unless in overnight authorized travel status. Actual expenses incurred for meals and lodging while traveling either outside of the district or overnight within the district must conform to the prevailing rates placed upon

travel and subsistence expenses of federal judiciary employees in accordance with existing government travel regulations. Alcohol is not reimbursable. All overnight travel must be pre-approved in conjunction with the case budget or specific funding request. Appointed attorneys and experts must take advantage of government travel rates through the government authorized travel service when most economical. Air travel in First Class is prohibited.

C. Telephone toll calls, photocopies, facsimiles, and photographs are reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, telephone service, publications, supplies, and costs related to educational seminars, or time expended for preparation of vouchers are not reimbursable expenses, nor are expenditures for personal items for the client.

Photocopying will be reimbursed at actual cost or $0.10 per page, whichever is less. Large copy orders of 500 or more pages shall be reproduced by an outside copy service unless in-house photocopying is more economically efficient. Counsel must include an explanation for in-house copy orders of more than 500 pages; vouchers submitted without such explanation will be reimbursed only at $0.03 per page. Facsimiles will be reimbursed at actual cost or $0.10 per page, whichever is less.

D. Reimbursement is permitted for the actual cost of case-related regular U.S. postage. Counsel is to make every effort to use regular U.S. mail whenever possible. Reimbursement for the actual cost of other postal services or for the use of non-federal carriers (such as overnight or two-day delivery) will be permitted only if there is a genuine necessity for such a service. A copy of an itemized bill and statement detailing the requisite necessity for expedited delivery is required for reimbursement.

E. Computerized research fees are considered office overhead, as are fees for books and publications, office supplies, and costs related to educational seminars. Given the availability of flat-fee subscriptions for computerized research services, the Court will reimburse counsel for the costs of computerized research only upon a showing of good cause, such as that fees imposed are outside the scope of the flat-fee plan or an explanation of why

1 | a flat-fee plan is not feasible.

F. In the event transcripts from this proceeding are required, counsel should arrange with the court reporter(s) to bill the Court directly through use of a CJA Form 24. Counsel shall not include the cost of transcripts as an out-of-pocket expense on a CJA Form 30.

G. In the event an evidentiary hearing or depositions are authorized by the Court, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1825. Reimbursement of court reporter and transcript fees for any authorized depositions should be sought as an "Other Expense" on Form CJA 30.

H. Counsel may be required to provide further documentation substantiating the fees or expenses claimed, or to submit a declaration under penalty of perjury detailing counsel's compliance with the standards and procedures established herein.

**IT IS SO ORDERED**.

**IT IS FURTHER ORDERED** that the Clerk of Court provide a copy of this Order to Petitioner's counsel, the CJA Voucher Review Office and the Capital Case Staff Attorney **only**.

DATED this 4th day of June, 2010.

_____
Roslyn O. Silver
United States District Judge

CC: Dana Carpenter/ Emily Skinner/CJA/O McGeehon