**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Michael Apelt, | No. CV-98-00882-PHX-ROS |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

On May 13, 2010, this Court substituted Emily Skinner for Patrick McGillicuddy as co-counsel for Petitioner and required former co-counsel McGillicuddy to file an affidavit with the Court verifying that he had complied with LRCiv 83.2(e), incorporating the State Rules of Professional Conduct, in particular E.R., 1.16. (Dkt. 227.) On May 20, 2010, counsel McGillicuddy lodged a sealed affidavit with the Court in compliance with this Court's Order. (Dkt. 231.) Pending before the Court, McGillicuddy moves to seal the affidavit he filed. (Dkt. 230.)

McGillicuddy contends that the information submitted in the affidavit should not be public record. (Dkt. 230 at 1.) Every court has supervisory power over its own records and files. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). However, unless a particular court record is one traditionally kept secret, such as grand jury transcripts or warrant materials in the midst of a pre-indictment investigation, a strong presumption of public access is the starting point. *See Kamakana v. City and County of Honolulu*, 447 F.3d

1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming this strong presumption of public access to judicial records. *Id.* at 1178-80 (discussing both the compelling reasons standard and the good cause standard for overcoming the presumption of public access). Here, McGillicuddy does not provide an adequate rationale for overcoming the presumption of public access to the judicial record at issue. Moreover, the Court has reviewed McGillicuddy's affidavit and there is nothing in the affidavit warranting an assessment of confidentiality.

Accordingly,

**IT IS HEREBY ORDERED** denying McGillicuddy's motion to seal his affidavit. (Dkt. 230.) The Clerk of the Court shall file McGillicuddy's sealed lodged affidavit as a public document.

DATED this 7th day of June, 2010.

_____
Roslyn O. Silver
United States District Judge