**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Apelt,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-98-0882-PHX-ROS<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER VACATING STAY AND SETTING CASE MANAGEMENT DEADLINES** |

The Court has reviewed the current partial stay of these proceedings, is vacating that stay, and issuing this Case Management Order based on the following.

On September 26, 2002, this Court stayed Petitioner's sentencing-related claims pending his state court litigation regarding the application to his capital sentence of *Ring v. Arizona*, 536 U.S. 584 (2002), and *Atkins v. Virginia*, 536 U.S. 304 (2002). (Dkt. 117.) In *Summerlin v. Schriro*, 542 U.S. 348 (2004), the Supreme Court determined that *Ring* does not apply retroactively to cases, such as Petitioner's, on collateral review. Petitioner has been in state court proceedings litigating his *Atkins* claim, which included an evidentiary hearing. During the stay, Petitioner has been required to and filed status reports with this Court updating the progress of his state-court proceedings. The state court proceedings regarding his *Atkins* claim are now concluded. Therefore, the stay of Petitioner's sentencing-related claims is ready to be lifted.

On June 4, 2010, this Court held a status conference with the parties to discuss vacating the stay, Petitioner filing a motion to amend his current habeas petition, the filing of any motion for evidentiary development, and the setting of necessary case management deadlines.

Accordingly,

**IT IS HEREBY ORDERED** vacating the stay of proceedings in this case. (Dkt. 117.)

**IT IS FURTHER ORDERED** that Petitioner shall file a motion to amend his current habeas petition **no later than October 4, 2010**. Petitioner's motion to amend shall conform with the District's Local Rules, specifically LRCiv 15.1.

**IT IS FURTHER ORDERED** that Respondents shall file their response to Petitioner's motion to amend by **December 3, 2010**, and Petitioner shall file a reply by **February 4, 2011**. Simultaneous with the date that Petitioner files his reply, **February 4, 2011**, Petitioner shall file any motion for further evidentiary development of his sentencing claims. Such motions include, but are not limited to, requests for discovery, expansion of the record and evidentiary hearing under Rules 6, 7 and 8 of the Rules Governing Section 2254 Cases. Any motion for evidentiary development shall not recite legal authority on the merits, or present new material facts, in support of the claims raised in the amended petition; nor shall the motion raise new claims for habeas relief. Rather, the motion shall be limited to the identification of the claims for which development is sought, the evidence sought to be developed, and the applicable standards governing evidentiary development. To this end, any motion for evidentiary development shall:

    A.    identify the enumerated claim(s) Petitioner contends need further factual development;

    B.    provide an offer of proof (i.e., declarations, documentary evidence, summaries of proposed testimony) setting forth the facts to be developed and the source of the proffered evidence; and

    C.    apply the applicable standards for obtaining evidentiary development, including an explanation of why the claim was not developed in state court and why the failure to develop the claim in state court was not the result of lack of diligence, in accordance with 28 U.S.C. § 2254(e)(2)

and *Williams v. Taylor*, 529 U.S. 420 (2000).

Any motion for evidentiary development that fails to address the above-listed requirements will be summarily denied.

**IT IS FURTHER ORDERED** that Respondents shall file their response to Petitioner's motion for evidentiary development by **March 4, 2011**, and Petitioner shall file a reply by **April 4, 2011**.

**IT IS FURTHER ORDERED** that, for ease of citation, the Court requests that the parties provide in an appendix any additional parts of the state court record that the parties believe are relevant to resolving allegations in the motion to amend and/or motion for evidentiary development.

**IT IS FURTHER ORDERED** that the Clerk of the Court update the title of this case to reflect the substitution of Charles L. Ryan as the Director of the Department of Corrections.

DATED this 9th day of June, 2010.

Roslyn O. Silver
United States District Judge