**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael Apelt,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-98-0882-PHX-ROS<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

Pending before the Court is Petitioner's motion for reconsideration and stay regarding this Court's Order determining the procedural status of his sentencing claims. (Doc. 277.) Petitioner presents two arguments. He first argues that at his initial state post-conviction relief ("PCR") proceeding his counsel operated under such a conflict of interest that the conflict excused counsel's failure to raise all ineffective assistance of counsel ("IAC") claims at sentencing, as was required. (*Id.* at 7-8.) Next, he challenges the state court's application of Ariz. R. Crim. P. 32.2(a)(3) precluding his IAC sentencing claims, contending that the court's application frustrated his ability to exercise his federal rights, thus rendering the rule inadequate to establish procedural default. (*Id.* at 9-12.)

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A

1  motion for reconsideration is not a forum for the moving party to make new arguments not
2  raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841
3  F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has
4  already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz.
5  1998) (quotation omitted).

6  At issue in Petitioner's first argument is the United States Supreme Court's recent
7  action granting certiorari in *Maples v. Thomas*, 131 S. Ct. 1718 (U.S. 2011), on the issue of
8  cause to excuse procedurally defaulted claims in state court. Specifically, the Court agreed
9  to review cause to excuse default where the petitioner was blameless, the State's own
10 conduct contributed to the default, and petitioner's attorney of record was no longer
11 functioning as his agent at the time of the default. *See Maples v. Allen*, No. 10-63, 2010 WL
12 2727329 (U.S. July 9, 2010) (granting petition for certiorari limited to issue number 2).

13 Regarding this argument, however, Petitioner concedes that "[p]reviously, post-
14 conviction counsel's conflict has not been sufficient cause to excuse procedural default."
15 (Doc. 277 at 8) (emphasis added.) Petitioner's appropriately concedes this point; the Court
16 thoroughly addressed and denied this argument in its earlier Order. *See* Doc. 132 at 21-22.)
17 Even though Petitioner states that *Maples* may change the legal landscape when issued, that
18 hope is insufficient to constitute an intervening change in controlling law. Therefore, the
19 Court will not reconsider its resolution of this issue.

20 Next, regarding the state court's application of Ariz. R. Crim. P. 32.2(a)(3) precluding
21 his IAC sentencing claims, Petitioner contends the court's application "frustrated his right
22 to effective assistance of post-conviction counsel." (Doc. 277 at 9.) The Court has already
23 addressed and denied this argument. (Doc. 132 at 21-24, Doc. 180 at 3-4.) Again, Petitioner
24 relies upon the possibility that the Supreme Court may take up this issue. (*See* Doc. 277 at
25 11-12.) In *Cook v. Ryan*, No. 10-9742, 2011 WL 1234018 (April 4, 2011) and in *Foster v.
26 Texas*, 131 S. Ct. 991 (2011), the Court recently granted stays of execution pending
27 disposition of petitioners' request for certiorari on the issue of their right to effective
28 assistance of post-conviction counsel during initial post-conviction review proceedings.

However, the hope that the Supreme Court will grant certiorari and conclude that such a right exists is insufficient to constitute an intervening change in controlling law. Therefore, the Court will not reconsider its resolution of this issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration and stay of its Order determining the procedural status of his sentencing claims (Doc. 277) is **DENIED.**

DATED this 9th day of May, 2011.

Roslyn O. Silver
Chief United States District Judge