**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Apelt,

                    Petitioner,

v.

Charles L. Ryan, et al.,

                    Respondents.

No. CV-98-00882-PHX-ROS

DEATH PENALTY CASE

**ORDER**

On December 1, 2015, this Court issued an order and judgment granting habeas relief on Apelt's claim of ineffective assistance of counsel at sentencing. (Docs. 373, 374.) Respondents move for a stay pending final resolution of their appeal to the Ninth Circuit. (Doc. 375.) Apelt opposes a stay. (Doc. 382.)

The determination whether to permit a stay pending the appeal of a decision granting habeas relief is governed by the standard set forth in *Hilton v. Braunskill*, 481 U.S. 770 (1987). In *Hilton*, the Supreme Court articulated four factors the district court should consider in determining whether to grant a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits or has a substantial case on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. *Id.* at 776, 778. These factors militate in favor of staying execution of the writ of habeas corpus pending appellate review.

1    **1.      Likelihood of success on the merits**

2           The likelihood of Respondents' success on the merits of their appeal depends on

3    the argument that the Court wrongly granted relief on Apelt's claim of ineffective

4    assistance of sentencing counsel. Of course, the Court disagrees that Claim 12 was

5    wrongly decided. Nonetheless, the Court is persuaded that Respondents have

6    demonstrated a "substantial case on the merits." *Hilton*, 481 U.S. at 778. The Court

7    acknowledges an apparent tension between the Ninth Circuit's recent decision in

8    *Clabourne v. Ryan*, 745 F.3d 362, 382 (2014), which held that a state court's alternative

9    merits ruling was entitled to deference under 28 U.S.C. § 2254(d), and the principle that

10   an alternative merits ruling does not vitiate the procedural bar. *See Harris v. Reed*, 489

11   U.S. 255, 264 n.10 (1989). This factor slightly favors Respondents.

12   **2.      Respondents' irreparable injury**

13          The Court further agrees Respondents will suffer injury absent a stay. Respondents

14   appeal this Court's decision that Apelt received constitutionally ineffective assistance of

15   counsel during sentencing. If the Court does not stay the writ, and the State of Arizona is

16   forced to conduct a new sentencing hearing, Respondents' appeal might be rendered

17   moot. Further, absent a stay, the State will be forced to expend considerable time and

18   resources preparing for a new mitigation hearing that might not be necessary if the Ninth

19   Circuit were to reverse this Court's decision. This factor favors Respondents. *See*

20   *Johnson v. Bagley*, No. 1:02-cv-220, 2006 WL 2165685, at \*2 (S.D.Ohio July 31, 2006).

21   **3.      Apelt's irreparable injury**

22          Issuance of the stay will not substantially injure Apelt. The Court granted relief

23   only as to Apelt's death sentence. If the stay is granted, Apelt will remain in prison while

24   the appeal is resolved. Apelt asserts that if the stay is granted he will face the "extreme

25   hardship" of remaining on death row, while if the stay is denied he will be housed in less

26   onerous conditions. (Doc. 382 at 6.) The Court, having no facts by which it can make a

27   judgment concerning the conditions in which Apelt will be housed, finds that this factor

28   is "essentially neutral." *Crittenden v. Chappell*, No. 2:95-cv-1957-KJM-GGH, 2013 WL

1    6840451, at \*10 (E.D.Cal. December 14, 2013).

2    **4.      Public interest**

3        Finally, the Court concludes that the public interest strongly supports granting the

4    stay. The Court is mindful of the substantial hardship and cost to the State in preparing

5    for and conducting a new sentencing hearing and must balance the interests of the State

6    in avoiding that hardship and cost against the possibility that this Court's judgment could

7    be reversed on appeal. But more importantly, Apelt has cross-appealed the Court's denial

8    of his habeas conviction-related claims. (*See* Doc. 379.) It would be unwise to require the

9    State conduct a new sentencing hearing when the constitutional validity of Apelt's

10   underlying convictions are still subject to appellate review. This factor favors granting

11   the stay. *See Johnson*, 2006 WL 2165685, at \*3.

12        For the foregoing reasons, the factors support granting a stay.

13        Accordingly,

14        **IT IS ORDERED** granting Respondents' motion for a stay (Doc. 375).

15        **IT IS FURTHER ORDERED** that the Court's judgment is stayed pending

16   conclusion of appellate review.

17        Dated this 13th day of January, 2016.

18

19

20                     Honorable Roslyn O. Silver

21                     Senior United States District Judge

22

23

24

25

26

27

28